UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMSSON TELISMA,

    Petitioner,

v.                                 Case No: 6:18-cv-2030-Orl-28EJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Jamsson Telisma's Petition for Writ of Habeas Corpus ("Petition," Doc. 5) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition ("Response," Doc. 10) in compliance with this Court's instruction. Petitioner was provided an opportunity to file a Reply to the Response but did not do so.

Petitioner asserts three grounds for relief. For the following reasons, the Petition is denied.

### I.    Procedural History

Petitioner was charged with first-degree murder with a firearm (Count One), two counts of attempted robbery with a firearm (Counts Two and Three), attempted first-degree murder with a firearm (Count Four), and shooting or throwing a deadly missile into a building (Count Five). (Doc. 11-1 at 5-6, 8-10.) The State *nol prossed* Count Two,

resulting in the remaining counts being renumbered from Three, Four, and Five to Two, Three, and Four. (*Id.* at 15.) The trial court subsequently granted a judgment of acquittal as to Counts One and Three, reducing those counts respectively to first-degree felony murder and attempted second-degree murder with a firearm and mask. (*Id.* at 18.) A jury convicted Petitioner of all counts. (Doc. 11-2 at 2-11.) The state court sentenced Petitioner to concurrent terms of life in prison for Counts One through Three and to a thirty-year term of imprisonment for Count Four. (*Id.* at 82.) Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed. (*Id.* at 168-75.)

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (*Id.* at 179-202.) The state court denied the motion. (*Id.* at 207-14.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 243.)

## II. LEGAL STANDARDS

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-

court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing to *Williams*:

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner must rebut the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.   **Standard for Ineffective Assistance of Counsel**

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

### III. ANALYSIS

#### A. Ground One

Petitioner asserts trial counsel rendered ineffective assistance by failing to move to suppress his statement to police on the basis that it was involuntary. (Doc. 1 at 5.) To support this ground, Petitioner maintains he was recovering from a gunshot wound to his face and was under the influence of morphine and oxycodone. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. The state court reasoned that Petitioner failed to demonstrate that

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

his statement was involuntary and thus a motion to suppress on this basis would not have been successful. (Doc. 11-2 at 227-28.) The state court further determined that prejudice did not result from counsel's failure to move to suppress Petitioner's statement on the basis it was involuntary in light of the overwhelming evidence of Petitioner's guilt. (*Id.* at 228-29.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. To obtain relief on a claim of ineffective assistance premised on failure to file a motion to suppress, a petitioner "must prove (1) that counsel's representation fell below an objective standard of reasonableness, (2) that the [suppression] claim is meritorious, and (3) that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). In a situation in which *Miranda* is not triggered because the defendant is not in custody, the voluntariness of the defendant's statement must still be assessed to ensure compliance with the Due Process Clause. *United States v. Castor*, 598 F. App'x 700, 702 (11th Cir. 2015). "[A]n examination of the totality of the circumstances is necessary to determine whether the confession was actually voluntarily given." *United States v. Lall*, 607 F.3d 1277, 1285 (11th Cir. 2010).

Review of Petitioner's statement to police reflects that he spoke with police while in the hospital several days after the shooting and his surgery. Petitioner walked to meet with the officers and told them that as far as he recalled he had not taken any pain medications that day. (Doc. 11-1 at 34, 71.) Petitioner, who was scheduled to be released

5

from the hospital that day, answered the officers' questions and did not express any confusion or inability to understand them. In fact, Petitioner was able to formulate a story to explain his gunshot wound whereby he admitted being shot after entering a store but lied about where the incident occurred. (*Id.* at 70.) Petitioner further denied having a firearm or entering the store with the intent to rob it, maintained no one else was involved in the incident, and refused to name the person who drove the vehicle in which he left the scene of the offenses. (*Id.* at 76-85.) Moreover, when asked at trial about his mental state at the time he spoke with police, Petitioner did not indicate that he was unable to understand the officers or was taking any medication that impacted his cognitive function. Instead, Petitioner's only reference to his mental state was that his "mind was boggled up." (Doc. 11-2 at 267.) Given Petitioner's prevarications in his statement to police, his representation that he had not taken any medication, and the absence of any indication that Petitioner did not understand or was unable to comprehend what was occurring, the state court's determination that Petitioner's statement was voluntary is not an unreasonable determination of the facts in light of the evidence presented. Consequently, Petitioner has not demonstrated that counsel was deficient for failing to move to suppress his statement as involuntary or that such a motion would have been meritorious.

More importantly, the evidence of Petitioner's guilt was overwhelming. The store clerk, who was behind the counter separated by a plexiglass window, testified that a young black male entered the store, pulled a mask over his face, and pointed a firearm at him. (Doc. 11-2 at 239-40.) The clerk said he ducked down, heard a shot, retrieved his

firearm, and fired shots. (*Id.* at 240-41.) A bullet that did not match the clerk's firearm was recovered from the cigarette display behind the counter, demonstrating two firearms were fired during the incident. (*Id.* at 241-43, 250, 255.) An expert testified that the firearm used to shoot the customer victim had been pressed against the victim's clothing and fired at close range. (*Id.* at 252.) In addition, the projectile recovered near the victim's body was not fired from the clerk's firearm. (Doc. 11-1 at 577.) Finally, Petitioner suffered a gunshot wound to the face and his blood was recovered from the facemask and scene of the offenses. (*Id.* at 590.) Therefore, a reasonable probability does not exist that the outcome of the trial would have been different had counsel moved to suppress Petitioner's statement as involuntary. Accordingly, ground one is denied pursuant to § 2254(d).

### B. Ground Two

Petitioner contends counsel rendered ineffective assistance by failing to object to inadmissible hearsay. (Doc. 1 at 7.) To support this ground, Petitioner argues that the detective falsely stated in the recording of Petitioner's statement that two eyewitnesses from outside the store could identify Petitioner as the shooter. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 11-2 at 229.) The state court determined that prejudice did not result from counsel's failure to object because Petitioner's presence at the scene was never in question and the evidence of Petitioner's guilt was substantial. (*Id.*)

Petitioner has not established that the state court's denial of this ground is contrary to, or an unreasonable application of, *Strickland*. Initially, the Court notes that it does not

7

appear that the detectives ever indicated on the recording that anyone identified Petitioner as the shooter. Instead, the detectives made statements indicating that two individuals were outside the store when Petitioner entered and exited it and that those individuals did not see a mask on the person who entered and exited the store. *See* Doc. 11-1 at 613-14, 622. Moreover, one of the detectives admitted at trial that not all of the statements they made during their questioning were true. (*Id.* at 627.) Most important, however, the evidence overwhelmingly established that Petitioner was at the store at the time of the incident and was wearing a mask and this was not contested at trial. Thus, a reasonable probability does not exist that the outcome of the trial would have been different had counsel objected to the detectives' statements. Accordingly, ground two is denied pursuant to § 2254(d).

C. **Ground Three**

Petitioner maintains counsel rendered ineffective assistance by failing to retain a ballistics expert. (Doc. 1 at 8.) According to Petitioner, counsel could not adequately cross-examine or refute the State's ballistics expert without the assistance of a ballistics expert. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied the claim as speculative. (Doc. 11-2 at 231.)

The state court's denial of this ground is not contrary to, or an unreasonable application of, clearly established federal law. Petitioner has not offered any evidence in either this Court or the state court to demonstrate what testimony a ballistics expert would have provided. "[E]vidence about the testimony of a putative witness must

generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)). Therefore, this ground is speculative. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that vague, conclusory, or speculative allegations cannot support claim of ineffective assistance of counsel). Accordingly, ground three is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed are without merit.

### IV. Certificate Of Appealability

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district

9

court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 5) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE and ORDERED** in Orlando, Florida on April 10, 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
OrlP-1 4/10

10